

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2025

# Joseph & Norinsberg LLC
## Fighting for Employee Justice

**Queens Office**
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

**Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

**Arjeta Albani, Esq.**
arjeta@employeejustice.com

January 28, 2025

VIA ECF
Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 18C
New York, New York 10007-1312

       **Re: Tavon Turner v. Awake Store LLC**
         1:24-cv-07992-MKV

Dear Judge Vyskocil:

  We represent Plaintiff Tavon Turner in the above-referenced matter. We write to respectfully respond to the Court's Order dated January 21, 2025, regarding our failure to comply with the Rules of the Court regarding our obligation to prosecute a case.

  At the outset, we sincerely apologize to the Court for our failure to file for default once it was clear that Defendant would not be appearing, nor filing an Answer to our Complaint. This failure was not intentional, but rather the result of an unfortunate internal miscommunication within our office.

  Recently, the firm has undergone restructuring, and the undersigned has been assigned as the new Chief of the ADA Division to ensure that there are no future oversights such as the one in this case. I started working in the position as of December 18, 2024, with the goal of clearing a backlog of cases from the SDNY docket, including this one. We have now fully resolved the staffing issues and have re-established a stable and effective workflow. However, while I was in the process of taking over the ADA Division and getting fully up to speed, there was an unfortunate miscommunication in this matter.

By way of explanation, our office had internally decided to file both a default judgment and an exploratory letter to the Defendant's company directly on December 10, 2024, as no attorney had yet appeared nor contacted our firm. We routinely send certified letters of inquiry and/or E-mails to companies the week prior to a defendants deadline to file an Answer is due. If no answer is forthcoming, we then file the appropriate documents to file for default. Here, on December 10, 2024, we sent both an email and a certified letter, return receipt requested to Defendant, *Micheanggello Rojo*, Owner/Proprietor of Awake Store, LLC, located at 132 Havemeyer Street, Brooklyn, NY 11211. Unfortunately, Defendant did not reply, nor did any counsel representing defendant appear. **See Exhibits A, B**

However, due to a significant miscommunication between the attorneys and support staff, we did not file for default, despite our earlier attempt to contact the defendant by letter and email.

We respectfully submit that these circumstances, while serious, were the result of an inadvertent miscommunication rather than any intentional disregard for the Court's Rules. We assure the Court that we take our obligations as officers of the Court with the utmost seriousness. We respectfully request that given the inadvertence of counsel's failure to timely file for default.

We thank the Court for its consideration of this matter.

Sincerely,

_____
Arjeta Albani, Esq.
**JOSEPH & NORINSBERG, LLC**
*Attorney for Plaintiff*
110 East 59th Street, Suite 2300
New York, New York 10022
Tel. No.: (212) 791-5396
Fax No.: (212) 406-6890
arjeta@employeejustice.com

---

**In response to this Court's Order to Show Cause, [ECF No. 7], Plaintiff's counsel states that they had sent an "exploratory letter" to Defendant on December 10, 2024, and cites to Exhibits A and B. However, no exhibits were attached nor do they appear anywhere on the docket. Plaintiff is directed to file these exhibits to complete the record on or before February 5, 2025.**

**Plaintiff further states that due to internal miscommunications they failed to move for default as intended. Plaintiff shall move for default on or before February 26, 2025.**

**Plaintiff is on notice that failure to move for a default judgment by February 26, 2025 may result in dismissal of this action for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

**Any extension request must be received 72 hours prior to the deadline.**

**SO ORDERED.**

Date: 1/29/2025
New York, New York

_____
Mary Kay Vyskocil
United States District Judge