USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAVON TURNER,

                Plaintiff,

-against-

AWAKE STORE LLC,

                Defendant.

1:24-cv-2793 (MKV)

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Tavon Turner initiated this action by filing a complaint on October 21, 2024. [ECF No. 1]. Thereafter, Plaintiff filed on the docket affirmation of service on Defendant. [ECF No. 5]. When Defendant did not appear or file a response to the complaint the Clerk of Court filed a certificate of default [ECF No. 15] and Plaintiff moved for entry of default judgment. [ECF No. 17]. After review of Plaintiff's motion, the Court issued an order scheduling a default judgment hearing for May 12, 2025. [ECF No. 22]. Subsequently, Micheanggello Rojo, the purported owner of Defendant Awake Store LLC, filed a letter motion to adjourn the conference [ECF No. 24] and a motion seeking to vacate the default judgment entered[1] and to file a late response to the complaint. [ECF No. 25]. Thereafter, Plaintiff filed a letter requesting that the hearing scheduled for May 12, 2025 be adjourned due to Mr. Rojo's activity in this action and the recent settlement discussions between the parties. [ECF No. 27]. The Court adjourned the default judgment hearing *sine die*. [ECF No. 28]. For the reasons set forth below, Plaintiff's motion for the entry of default judgment is DENIED without prejudice.

      Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and

---

[1] No default judgment has been entered in this case.

1

second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Instead, an entry of a default judgment is in the sound discretion of the trial court.  *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

Here, Micheanggello Rojo, the apparent owner of Defendant Awake Store LLC, has filed two recent letter motions in this action, [ECF Nos. 24, 25], clearly attempting to appear and stating an intention to defend in this action.  Due to these filings and the Second Circuit's clear preference for resolving disputes on the merits, *see Enron Oil Corp.*, 10 F.3d at 95, Plaintiff's motion for entry of a default judgment is denied without prejudice to renewal.

The Court separately clarifies that the letters filed by Mr. Rojo incorrectly state that he is "the pro se defendant in the above-referenced case." [ECF Nos. 24, 25].  Defendant Awake Store LLC is the named Defendant in this action and in federal court, "parties may plead and conduct *their own cases personally* or by counsel." 28 U.S.C. § 1654 (emphasis added).  This permits only "two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that *by a person representing himself*.' " *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (emphasis added).  Therefore, an individual person has the right to proceed *pro se*, but the "statute does not permit 'unlicensed laymen to represent anyone else other than themselves.' " *Id.*; *see*

2

*also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("appearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Since the complaint named Defendant Awake Store LLC, and not an individual person, Defendant Awake Store LLC **must be represented by counsel** and cannot appear *pro se* or represented by a non-lawyer.

Accordingly, given these recent filings which will potentially allow the Court to resolve this dispute on the merits, IT IS HEREBY ORDERED that Plaintiff's motion for entry of a default judgment is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant must have counsel enter an appearance in this case on the docket on or before June 9, 2025.

IT IS FURTHER ORDERED that on or before July 7, 2025, Defendant's forthcoming counsel must file an answer or otherwise respond to the complaint.

IT IS FURTHER ORDERED that counsel for Plaintiff is directed to serve this Order on Defendant on or before May 16, 2025.

**Failure to comply with the Court's orders or deadlines, or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence, and/or default judgement.**

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 17.

**SO ORDERED.**

Date: **May 12, 2025**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**